**Kevin Donald SINK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 71A03–9203–CR–76.**

Court of Appeals of Indiana,
Third District.

Jan. 6, 1993.

---

Anthony V. Luber, South Bend, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee-plaintiff.

GARRARD, Judge.

Kevin Sink was charged and convicted of child molesting, a Class B felony, on evidence that he performed cunnilingus on a nine year old girl in whose home he was living.

During the trial and over defense objection three witnesses were permitted to testify to having observed the defendant on a different occasion engaging in inappropriate sexually oriented conduct with the same little girl.

The state's final instruction No. 4, which was given by the court over defendant's objection, advised the jury:

> Testimony regarding sexual misconduct of the defendant other than the acts charged in this Information may be considered by you as manifesting the defendant's predilection to engage in sexual contact with children.

At the time of trial this evidence was admissible and the instruction was appropriate under the so-called "depraved sexual instinct exception" to the rule generally precluding the admission of evidence of an accused's other criminal conduct.

Since then, however, our supreme court in *Lannan v. State* (1992) Ind., 600 N.E.2d 1334 abolished the depraved sexual instinct exception in favor of the position of Fed.R.Evid. 404(b). In so doing, it expressly observed that the general exclusionary rule being adopted "renders inadmissible character evidence offered solely to show the accused's propensity to commit the crime with which he is charged." 600 N.E.2d at 1336.

The *Lannan* court did not state that abolition of the old exception was to operate only prospectively. Its holding therefore applies to all cases pending on direct review or not yet final. *Griffith v. Kentucky* (1987) 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649; *Pirnat v. State* (1992) Ind., 600 N.E.2d 1342; *Wilson v. State* (1987) Ind., 514 N.E.2d 282; *See also Rowley v. State* (1985) Ind., 483 N.E.2d 1078.

It is possible that the evidence objected to concerning the uncharged conduct of Sink with the same prosecuting witness might have been admissible on other grounds. On the other hand, the final instruction to the jury on predilection is squarely within the prohibition established by *Lannan*.

Even so, we must determine whether reversal is necessitated in this case. The record discloses that proof of the charged offense came solely from the testimony of the little girl. Necessarily then, her credibility was critical to conviction. Under this circumstance the court's advice that the jury might consider the testimony concerning the uncharged conduct as manifesting Sink's predilection to engage in sexual conduct with children may well have been critical to the verdict. Certainly, Sink was placed in peril by it. We are therefore constrained to reverse the conviction.

One point remains. Sink has also challenged the sufficiency of the evidence to sustain his conviction. The prosecuting witness testified that one evening while she was lying in bed, Sink came and sat on the bed, pulled her underwear down and then placed his mouth on her vagina. This uncorroborated evidence from the victim, if believed by the jury, was sufficient to support a conviction. *Delatorre v. State* (1989) Ind., 544 N.E.2d 1379. Sink is therefore subject to retrial.

Reversed and remanded for a new trial.

STATON and MILLER, JJ., concur.