**Thomas A. TOWNSEND, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A05–9202–CR–55.

Court of Appeals of Indiana,
Fifth District.

April 20, 1993.

Rehearing Denied May 28, 1993.

Steven P. Meyer, Deputy Public Defender, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHARPNACK, Chief Judge.

Thomas Townsend appeals his conviction of various counts of child molesting. Pursuant to our supreme court's recent decision in *Lannan v. State* (1992), 600 N.E.2d 1334, we reverse on the basis of a single issue:

> Did the trial court err in admitting evidence of uncharged acts of molestation for the purpose of proving Townsend's depraved sexual instinct?

Because we reverse on a purely evidentiary ground, we will not discuss the facts proved at trial in detail. It is sufficient to say that the complaining witness, Townsend's step daughter, stated that Townsend committed various sexual acts upon her person when she was between the ages of four and ten. These acts included sexual intercourse, cunnilingus, oral stimulation of her breasts, and digital penetration of her vagina. The complaining witness further testified that Townsend used a handgun on two occasions to threaten the victim with harm to herself and her family if she did not submit to sexual acts. In addition, the brother of the complaining witness testified that, on one occasion, he witnessed Townsend touching the complaining witness "towards her vagina" and "trying to suck her breasts." (Record, pp. 253–255.) Finally, an examining physician testified that the complaining witness, who was eleven at the time of trial, had an enlarged vaginal opening and a small hymen which could be consistent with the insertion of an object into her vagina.

Prior to trial, Townsend filed a motion in limine seeking the exclusion of all evidence of acts of sexual molestation which Townsend allegedly committed upon his natural daughter. The motion alleged that the evidence was irrelevant, remote in time, and unduly prejudicial. The trial court denied his motion in limine.

When the state began to question Townsend's daughter at trial concerning the alleged acts of molestation, Townsend's attorney asked leave to interpose a continuing objection, based on the reasons stated in the motion in limine, to any testimony concerning such acts. The trial court granted leave to show a continuing objection to the testimony, but the court overruled the objection. Townsend's daughter then testified that Townsend had sexually molested her throughout her childhood. At

the end of the trial, the court instructed the jury:

> "Evidence has been introduced that the defendant was involved in crimes other than those charged in the information. This evidence has been received *solely on the issue of the defendant's sexual propensities. This evidence is to be considered by you only for the limited purpose for which it was received.*"

(Record, p. 621) (emphasis added.)

On October 15, 1992, Townsend filed his brief in which he asserted that the trial court erred in allowing his daughter to testify as to uncharged crimes in order to prove that Townsend had a depraved sexual instinct. On the very next day, our supreme court handed down its decisions in *Lannan v. State* (1992), Ind., 600 N.E.2d 1334, and *Pirnat v. State* (1992), Ind., 600 N.E.2d 1342. In *Lannan,* the supreme court held that evidence of past crimes would no longer be admissible in sex crimes cases in order to prove that the defendant had a depraved sexual instinct. 600 N.E.2d at 1338–1339, 1341. The court did, however, hold that such evidence could still be admitted for other legitimate purposes. *See Lannan,* 600 N.E.2d at 1339–1341. In *Pirnat,* the supreme court held that the *Lannan* decision was to govern cases pending on direct appeal. 600 N.E.2d at 1342. *Lannan* thus applies to this appeal.

The state argues that we should affirm Townsend's convictions because his daughter's testimony could have been used for purposes other than to prove that he has a depraved sexual instinct. We do not consider whether the evidence *could* have been admitted for some proper purpose, because the record in this case establishes that it was offered by the state, admitted by the court, and considered by the jury for the sole purpose of determining Townsend's sexual instinct.

In *Sink v. State* (1993), Ind.App., 605 N.E.2d 270, the third district of this court reversed a child molesting conviction on the basis of *Lannan* because the trial court had admitted evidence of prior deviate sexual conduct and instructed the jury that the evidence of sexual conduct was to be considered "as manifesting the defendant's predilection to engage in sexual contact with children." *Sink,* 605 N.E.2d at 271. Judge Garrard, writing for the court, held that reversal was mandated even though the evidence theoretically might have been admissible for some purpose other than to prove the defendant's depraved sexual instinct:

> "It is possible that the evidence objected to concerning the uncharged conduct of Sink with the same prosecuting witness might have been admissible on some other grounds. On the other hand, the final instruction on predilection is squarely within the prohibition established by *Lannan.*
>
> Even so, we must determine whether reversal is necessitated in this case. The record discloses that proof of the charged offense came solely from the testimony of the little girl. Necessarily then, her credibility was critical to conviction. Under this circumstance the court's advice that the jury might consider the testimony concerning the uncharged conduct as manifesting Sink's predilection to engage in sexual conduct with children may well have been critical to the verdict."

*Sink,* 605 N.E.2d at 271.

We cannot close our eyes to the fact that the trial court instructed the jury to use the testimony concerning Townsend's alleged molestations of his daughter to determine whether he had the propensity to molest children. Indeed, we must presume that the jury did exactly as it was instructed and did not use the testimony for some hypothetical proper purpose upon which the jury had never been instructed. Under these circumstances, we must find that the trial court erred in admitting the evidence, and we must therefore reverse Townsend's convictions.

**REVERSED.**

RUCKER, J., concurs.

HOFFMAN, J., dissents with Opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent.

In support of reversal, the majority cites *Sink v. State* (1993), Ind.App., 605 N.E.2d 270, a case in which this Court reversed a child molesting conviction on the basis of *Lannan v. State* (1992), Ind., 600 N.E.2d 1334, because the trial court had admitted evidence of prior deviate sexual conduct and instructed the jury to consider same as "manifesting the defendant's predilection to engage in sexual contact with children." *Sink* at 271. Although the instant case involved a similar instruction, that alone does not necessitate reversal. The *Sink* court emphasized the fact that proof of the charged offense came solely from the testimony of the victim. *Id.* Here, the victim's brother and a physician corroborated her testimony; therefore, her credibility was not as critical to conviction as the credibility of the victim in *Sink*. I would affirm the judgment of the trial court.

I am also writing to ask our Supreme Court to re-consider the ruling in *Pirnat v. State* (1992), Ind., 600 N.E.2d 1342. The *Pirnat* court held that *Lannan* applies to all cases which were pending on direct appeal at the time *Lannan* was decided. However, such a holding changes the rules after the game has been played. At the time of the trial in this case, it was proper for a court to admit evidence of prior acts of sexual misconduct for the purpose of showing a depraved sexual instinct on the part of the accused. The *Pirnat* decision requires attorneys to anticipate drastic changes in the rules of evidence and present their cases accordingly. This is clearly an unrealistic and unworkable requirement. Moreover, as I noted in a previous dissenting opinion, *Pirnat* was pending *on transfer* in the Supreme Court at the same time as *Lannan;* therefore, it is distinguishable from the case at bar which was merely pending on direct appeal. *Vanover v. State* (1992), Ind.App., 605 N.E.2d 218, 221 (dissenting opinion). Again, I would affirm the judgment of the trial court.