Carolyn Sue PINKSTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 581S124.

Supreme Court of Indiana.

June 23, 1982.

Merle B. Rose, Cronin & Rose, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with theft. In addition it was alleged that she was an habitual criminal. She was tried and sentenced by the trial judge: "Count I, Theft, two (2) years; Count II, Habitual Criminal, thirty (30) years, to run consecutively."

Although we understand what the trial judge intended to do, we note that her terminology is incorrect. One convicted of a crime and found to be an habitual criminal is not sentenced separately for being an habitual criminal. Under the statute the defendant receives an additional thirty (30) years for the instant crime because he has been found to be an habitual criminal. It is imperative to understand the difference. If the status of being an habitual criminal

were to be considered a separate crime, conviction would be unconstitutional as double jeopardy. However, the Indiana statute is not unconstitutional because it provides for an enhancement of the penalty for the instant crime because the defendant is found to be an habitual criminal. To punish for the status of habitual criminal would also violate the Eighth Amendment of the United States Constitution. There are not therefore two sentences to be served consecutively, but one sentence for the crime of theft; namely, two years to which has been added thirty (30) years. The sentence is thus one sentence totaling thirty-two (32) years. *Funk v. State*, (1981) Ind., 427 N.E.2d 1081.

Therefore, this cause will be remanded to the trial court for correction of judgment and the issuance of a corrected commitment to the Department of Correction. On all other issues the trial court is affirmed.

The record reveals appellant was first seen in Richman Brothers clothing store by the manager on June 11, 1980, immediately before closing time. The suit in which appellant expressed an interest was not in the store after she left. On June 14, 1980, appellant again was seen in the store by the manager who alerted another store employee. The employee saw appellant enter a fitting room with a pair of jeans after receiving permission to do so. However, appellant additionally took two men's suits into the room. When she exited appellant returned the jeans to the rack but not the suits, nor were the suits or the hangers in the fitting room. The employee testified the bag carried by appellant appeared to be fuller. The manager stopped appellant and asked to examine her bag. Appellant broke away, joined a man in the mall and left. The suits appellant took into the fitting room were missing. Both the manager and the employee identified appellant from a photographic display.

■ Appellant claims the trial court erred in allowing the Richman Brothers' manager to testify he had seen her on June 11, 1980, three days prior to the date of the theft charged. Appellant correctly states evidence of criminal activities apart from the specific crime charged is inadmissible on the question of guilt. *Grey v. State*, (1980) Ind., 404 N.E.2d 1348. Evidence of other crimes may, however, be used to prove intent, purpose, motive, identity or a common scheme or plan. The State contends, and we agree, the evidence tends to show appellant's identity, her purpose and her common scheme or plan in frequenting the store. Although appellant argues her identity was not in issue because she testified she was present in Richman Brothers, she had not yet done so when the manager testified as to her presence. Further the evidence was admissible to show her scheme and plan even if identity were not an issue.

■ Appellant also claims the information acted as an "evidentiary harpoon." An evidentiary harpoon is the placing of inadmissible evidence before the jury with the deliberate purpose of prejudicing the jury against the defendant. *White v. State*, (1971) 257 Ind. 64, 272 N.E.2d 312. In the case at bar the trial was to the bench, not before a jury. Even if the evidence had been improperly admitted, in actions tried to the court, it is presumed the judge disregarded inadmissible testimony and weighed only proper evidence in determining whether the State carried its burden of proving beyond a reasonable doubt the defendant committed the crime. *Ottman v. State*, (1979) Ind., 397 N.E.2d 273.

■ Appellant claims the trial court erred by admitting State's Exhibit 1, a certified copy of the certificate of incorporation of Richman Brothers. Although now raising an argument based on a violation of her Sixth Amendment right of confrontation, appellant objected to the admission of the certificate on the ground it lacked testimonial sponsor. Appellant may not allege an additional differing reason for objection on appeal than during trial. *Phelan v. State*, (1980) Ind., 406 N.E.2d 237. In any event her allegation of error is without merit.

■ I.C. 23-1-12-1 [Burns 1971] provides:

Copies of papers relating to corporations; prima facie evidence

Sec. 1. Copies of all certificates or articles of incorporation, amendment, merger, consolidation or dissolution, or of applications or certificates of admission of foreign corporations, or other papers lawfully received and filed by the secretary of state, shall be taken and received in all courts and places as prima facie evidence of the facts therein stated; and a certificate from the secretary of state under the great seal of the state, as to the existence or nonexistence of the facts relating to corporations which would not appear from a certified copy of any paper lawfully filed with the secretary of state, shall be taken and received in all courts and places as prima facie evidence of the existence or nonexistence of the facts therein stated.

Ind.R.Tr.P. 44 states in part:

"(1) Domestic. An official record kept within ... any state, ..., may be evidenced by an official publication ... or by a copy attested by the officer having the legal custody of the record, or by his deputy."

For a list of the many cases decided under this rule, see the 1981 cumulative supplement to Indiana Appellate Practice and Procedure by Arch N. Bobbitt, Chapter 31 at page 122 of the supplement.

In the case of *Johnson v. State*, (1977) 267 Ind. 256, 369 N.E.2d 623, this Court stated:

"In the case at bar the coroner's report was fully certified by the deputy coroner who attested that he was the lawful custodian of the records. The trial court needed no further proof of authenticity of the report. There was no error in its admission into evidence."

In *Boone v. State*, (1978) 267 Ind. 493, 371 N.E.2d 708, this Court stated:

"These papers were attested by the Commissioner of the Bureau of Motor Vehicles. Appellant's contention was that the evidence constituted hearsay and that an inadequate foundation had been laid. These exhibits were attested as public records by the Commissioner and therefore were properly admitted pursuant to TR 44(A), applicable to criminal trials through CR 21. *Eldridge v. State*, (1977), 266 Ind. 134, 361 N.E.2d 155."

There was no error in the admission of a certified copy of the certificate of incorporation of Richman Brothers.

Appellant claims the trial court erred in allowing the State to cross-examine her about prior convictions of theft. Appellant alleges the State cross-examined her for the purpose of future proof to support the habitual criminal charge. Appellant concedes cross-examination regarding convictions of prior offenses involving dishonesty is appropriate for impeachment purposes as set forth in *Ashton v. Anderson*, (1972) 258 Ind. 51, 279 N.E.2d 210.

Defense counsel asked appellant on direct examination about her prior theft convictions. The trial court correctly allowed the State to pursue this line of questioning on cross-examination including inquiries into dates, charges, courts and other convictions. The trial court has wide latitude in permitting cross-examination to test the credibility of a witness. Only clear abuse of discretion demands a reversal. *Barnes v. State*, (1980) Ind., 403 N.E.2d 331. *See also, Jameison v. State*, (1978) Ind., 377 N.E.2d 404; *Griffin v. State*, (1981) Ind., 415 N.E.2d 60.

Appellant claims the trial court erred by failing to grant the defense motion for judgment on the evidence at the close of the State's case in chief. She alleges the evidence was insufficient to support the verdict because the State failed to prove each element of the crime charged beyond a reasonable doubt. Appellant misstates the standard applicable to rulings on a motion for judgment on the evidence. To avoid a directed verdict the State must merely make a prima facie case against the defendant. *Estep v. State*, (1979) Ind., 394 N.E.2d 111. A directed verdict is proper only when there is a total absence of evidence on a certain element or where the evidence is without conflict and leads to only one inference, favorable to the defendant. *Norton*

*v. State*, (1980) Ind., 408 N.E.2d 514. More-over, appellant waived this allegation of error by proceeding to introduce evidence in defense after the motion was denied. *Simpson v. State*, (1978) Ind., 381 N.E.2d 1229.

As to the sufficiency of the evidence to support the conviction, this Court will not weigh the evidence nor judge the credibility of witnesses, but look solely to the evidence most favorable to the State, and all reasonable inferences drawn therefrom. If there is evidence of probative value supporting the verdict of the trier of fact, the conviction will not be disturbed. *Williams v. State*, (1980) Ind., 406 N.E.2d 241. Although the evidence is circumstantial in nature, we need only find that a reasonable inference may be drawn therefrom which supports the finding of the trial court. *Eaton v. State*, (1980) Ind., 408 N.E.2d 1281. We hold the facts recited above support the judgment of the trial court.

Appellant claims the trial court erred in admitting State's Exhibits 10, 11, 12, 13 and 14. Exhibit 10 is a certified copy of a probable cause affidavit, an amended information for theft, an entry of appellant's guilty plea and her commitment. Exhibit 11 is a certified information for theft, the judgment and the commitment entry. Exhibit 12 is a certified information for theft, the judgment and the entry of that judgment. Exhibit 13 is a certified photograph, fingerprint card and two commitments from the keeper of the records of the Indiana Women's Prison.

Appellant first supports her claim by alleging the judgments in Exhibits 11, 12 and 13 did not comply with the statutory requirements of I.C. 35-4.1-5-1(b)(5) [Burns Repl. 1973] which states that the judgment must include "[t]he amount to be credited toward payment of the fines or costs for time spent in confinement before sentencing." If the prior judgments did, in fact, contain this defect, to now attack them in a habitual criminal proceeding would be a collateral attack on a judgment of a prior court. Such attack is not availa-

ble to the appellant. *Williams v. State*, (1982) Ind., 431 N.E.2d 793; *State v. Dossett*, (1977) 174 Ind.App. 501, 368 N.E.2d 259.

Appellant also claims the exhibits were not properly certified in accordance with 34-1-17-7 which states:

"Exemplifications or copies of records, and records of deeds and other instruments, or of office books or parts thereof, and official bonds which are kept in any public office in this state, shall be proved or admitted as legal evidence in any court or office in this state by the attestation of the keeper of said records, or books, deeds or other instruments, or official bonds, that the same are true and complete copies of the records, bonds, instruments or books, or parts thereof, in his custody, and the seal of office of said keeper thereto annexed if there be a seal, and if there be no official seal, *there shall be attached to such attestation, the certificate of the clerk, and the seal of the circuit or superior court of the proper county where such keeper resides, that such attestation is made by the proper official.*" (Emphasis supplied.)

Each exhibit is certified by the deputy of the clerk of the appropriate court as being a true and complete copy of the record. We find no error in the admission of these exhibits.

Exhibit 14, a fingerprint card, was admitted without objection; therefore, no error has been preserved for the purposes of appeal. *Gutierrez v. State*, (1979) Ind., 395 N.E.2d 218.

Appellant claims the trial court erred by improperly and prejudicially allowing the State to amend the information to include the habitual criminal charge and to include more than two prior felony convictions. In *Hall v. State*, (1980) Ind., 405 N.E.2d 530, this Court held appellant was not prejudiced by the inclusion of a third felony conviction because it was mere surplusage under the requirements of the habitual offender statute. Appellant addresses no other argument through her allega-

tion of error in the adding of the habitual criminal count. We hold the trial court did not err in permitting the amendment.

This case is remanded to the trial court with instructions to correct the judgment and to issue a corrected commitment to the Department of Correction. On all other issues the trial court is affirmed.

HUNTER, DeBRULER, and PIVARNIK, JJ., concur.

PRENTICE, J., concurs in result.