**In the Matter of Donald L. FASIG.**

**No. 679S143.**

Supreme Court of Indiana.

Feb. 11, 1983.

John R. Barney, Jr., Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Thomas J. Opsut, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Comn.

## DISCIPLINARY ACTION

### PER CURIAM.

This cause is before the Court on a four count verified complaint filed by the Disciplinary Commission. The Disciplinary Commission now moves for dismissal of Counts III and IV and the parties have tendered for this Court's approval a Conditional Agreement as to the remaining counts. Pursuant to Admission and Discipline Rule 23, Section 17(a), the Respondent also has submitted the requisite affidavit.

Upon examination of these matters, the Court now grants the Disciplinary Commission's Motion to Dismiss and, accordingly, Counts III and IV of the Verified Complaint filed in this cause are now dismissed. Additionally, this Court now finds that the Conditional Agreement submitted by the parties should be accepted and approved.

Accepting the statement of circumstances set forth in the Conditional Agreement, this Court now further finds that the Respondent was admitted to the Bar of the State of Indiana in 1963 and presently resides in Florida. In June of 1976, Hazel Sargent, on behalf of Charles Householder, contacted the Respondent to secure his representation of Householder in the defense of a criminal case in the Marion County Criminal Court, Division 4. The regular Judge of the Court was the Honorable John B. Wilson, Jr. The Respondent informed Hazel Sargent that he had been instrumental in Judge Wilson's remaining on the bench, that Judge Wilson was aware of such fact, that the Respondent had good rapport with Judge Wilson, and that these circumstances would work to the advantage of Householder. At a meeting in Respondent's office, the Respondent telephoned Judge Wilson in Hazel Sargent's presence and requested a bond reduction for Householder. During this telephone conversation the Respondent referred to Judge Wilson as "Jack" on more than one occasion. Following the conversation, the Respondent reconfirmed to Hazel Sargent his friendship with the judge and permitted her to infer that Householder's bond would be reduced for improper and irrelevant grounds. The judge was not aware of the Respondent's representations. Respondent's conduct in this matter violated Disciplinary Rule 9–101(C) of the *Code of Professional Responsibility for Attorneys at Law.*

At a later time, the Respondent filed his appearance in the Marion County Criminal Court 4, on behalf of Hazel Sargent. By a letter of June 14, 1977, the Respondent promised Sargent that his fee would be reduced and would be contingent upon her receipt of a lesser criminal penalty. By this conduct the Respondent entered into an arrangement for a contingent fee in a criminal case and violated Disciplinary Rule 2–106(C).

As Ethical Consideration 9–6 explains, "[e]very lawyer owes a solemn duty to uphold the integrity and honor of his profession; to encourage respect for the law and for the courts and judges thereof..." Respondent's conduct, as set out above, has served to breach such duty. His actions have served to demean the entire legal profession and to demonstrate this lack of understanding of basic ethical obligations.

In view of the above findings, this Court now accepts the agreed discipline, a public reprimand. Accordingly, by reason of our findings of misconduct and the violations of the *Code of Professional Responsibility for Attorneys at Law* noted above, it is ordered that the Respondent be and he hereby is reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.