**Michael ALTMAN, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 183S5.

Supreme Court of Indiana.

Aug. 10, 1984.

Marcus C. Emery, Steers, Sullivan, McNamar & Rogers, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

The Defendant (Appellant) was convicted, after a bench trial, of two counts of Conspiracy to Commit Dealing in a Narcotic Drug, Ind.Code § 35–41–5–2 (Burns 1979) and Ind.Code § 35–48–4–1 (Burns Supp.1983), and was sentenced to twenty years imprisonment. This direct appeal raises four (4) issues for review:

1. Whether the Defendant was denied his constitutional right to effective assistance of counsel;

2. Whether the court erred in admitting certain evidence over timely objections;

3. Whether the findings of guilty upon Counts I and IV are sustained by the evidence;

4. Whether the Defendant was denied a fair trial and sentencing proceedings before an impartial trier of fact.

### ISSUE I

Defendant complains that he was denied effective assistance of counsel in that he relied upon representations made by one of his attorneys that he had a "special relationship" with the judge and the judge would not "hurt" him. Affidavits filed by the Defendant and his chief counsel, accompanying the motion to correct errors, reveal that, during the pendency of this case, counsel had a chance meeting with an attorney whom we shall call "Special Counsel," during which they discussed Defendant's case. Special Counsel represented to Counsel that he had a special relationship with the trial judge, and that "he had dinner with the Judge, played golf with the Judge, that he discussed the outcome of his cases with the Judge in chambers, that if employed as co-counsel he could affect the

outcome of the case in the Defendant's favor." (R. at 7, Affidavit of Counsel). Counsel later contacted Special Counsel again about his possible employment as co-counsel at which time Special Counsel advised him that he had discussed the case with the Judge and had been assured that the Judge would not "hurt him [Defendant]." (R. at 7, Affidavit of Counsel). Defendant subsequently retained Special Counsel as co-counsel and was assured by him that "he would not be convicted of the Class A Felonies pending against him but would probably be convicted of the Class D Felony." (R. at 5, Affidavit of Defendant).

Based upon Special Counsel's representations the defense strategy in Defendant's trial was changed. Defendant rejected a plea bargain offer for fifteen (15) years, and negotiations between Counsel and the prosecutor, which may (or may not) have resulted in a more favorable offer, were abandoned. (R. at 5–6, Affidavit of Defendant; R. at 7–8, Affidavit of Counsel). Based upon Special Counsel's representations, Defendant refused to consider any further plea offers. (R. at 6, Affidavit of Defendant; R. at 8, Affidavit of Counsel).

■ Defendant claims that he was harmed by the representations of Special Counsel in that his reliance upon them caused him to forgo his opportunity to negotiate for a favorable plea bargain and to relinquish his right to a trial by jury. The Affidavits before this Court, however, do not support that argument. Nothing in these statements indicates that, had negotiations continued, Defendant would have received a more favorable offer, or that he would have accepted such an offer. Nor is there any indication that the decision to waive a jury trial was made by reason of Special Counsel's representations that the judge would be more favorable to the Defendant. Indeed, had there been a jury trial resulting in guilty verdicts, the judge would, nevertheless, have had complete discretion over sentencing.

By the alleged representations to the Defendant, Special Counsel clearly violated Disciplinary Rule 9–101(C) of the *Code of Professional Responsibility for Attorneys at Law* and may be subject to disciplinary action by this Court. *See In re Fasig*, (1983) Ind., 444 N.E.2d 849. His actions, however, do not entitle Defendant to relief under a claim of incompetent counsel. *Kruckeberg v. State*, (1984) Ind., 465 N.E.2d 1126; *Elliott v. State*, (1984) Ind., 465 N.E.2d 707.

Defendant employed Special Counsel in an attempt to bias the trial in his favor based upon factors dehors the evidence. Having failed to receive the desired results he now seeks a new "fair" trial. The record, on the other hand, reveals that notwithstanding the alleged misconduct, both attorneys were prepared for trial and performed competently at trial. Based upon this record, we cannot say that the attorneys were ineffective or that Defendant was harmed by misconduct. *Kruckeberg v. State*, 465 N.E.2d at 1130; *Elliott v. State*, 465 N.E.2d at 710.

## ISSUE II

Defendant presents six (6) issues relating to the admission of evidence, which he has combined in his brief under a general argument that the evidence was insufficient. We will treat each evidentiary issue before considering the sufficiency of the evidence.

■ (1) Defendant assigns error to the court's interrogation of State's witness Barbara Gilberti, an Indianapolis police officer. He argues that it elicited inadmissible hearsay which should have been stricken upon his motion. The question asked merely evoked the name of the confidential informant who had been identified in the charging information only by number. Cross-examination revealed that she had no first hand knowledge of this but predicated her identification upon information that she had received from others in the police department. We see no need to address this issue. The identification of the informant does not appear to have been in issue or to have had any probative value. The information was readily available and could have been admitted through other witness-

es, including the informant who testified. Defendant has made no claim of resultant harm, and it appears that the disclosure could only have benefitted him, as it was revealed that he was cooperating with drug law enforcement officials in hopes of receiving some favorable consideration with respect to his own prior infractions.

■ (2) Defendant complains of the admission into evidence of testimony of several of the State's witnesses and State's Exhibit No. 4, a quantity of cocaine which had been confiscated following a controlled drug buy on August 19, 1981. We are unable to review the issue. Defendant's brief merely summarizes the evidence of several of the State's witnesses, identifies the exhibit as cocaine, and asserts that such evidence was not relevant to the charges of conspiracies—one preceding the date of the controlled buy and one subsequent to it. We have not been provided with the specific questions objected to, the grounds asserted in the objections, or the answers. Neither have we been apprised of how the Defendant was harmed by the evidence if it was, in fact, erroneously admitted. Such general assignments are insufficient. "It is unrealistic to think that counsel may, by a mere suggestion of error, thrust upon the [this] court the burden of independently exhausting the possibilities that he may [be] correct." *Hitch v. State*, (1972) 259 Ind. 1, 6, 284 N.E.2d 783, 786.

(3) Premises that were shown to be where Defendant stayed "occasionally" or "when he was in town," were searched pursuant to a search warrant obtained immediately following his arrest. A man's jacket, a man's shirt bearing Defendant's monogram and a small quantity of cocaine which had been found in the pocket of the jacket were taken pursuant to the search and introduced into evidence, over his objection. Defendant challenges the admissibility of such evidence premised upon a claim that the warrant had been issued upon a false affidavit, but we need not meet the issue.

■ The aforementioned evidence was relevant only to Count VI, the "possession" count of the information, and Defendant was found not guilty upon that count. Defendant insists that such evidence was "relevant to the issue of sufficiency of the evidence" upon the conspiracy counts, but he has not told us how. Our determination that we need not address this issue is evident from the statements of the trial judge who determined the issues of fact as well as of law. At the time he announced his findings, the judge, commenting upon the finding of not guilty as to the possession count, stated that there was a question as to whether the premises searched were in the possession of the Defendant as well as upon the legality of the search. The finding of not guilty upon the possession count is inconsistent with any conclusion other than that the evidence in question did not contribute to the finding of guilty upon the conspiracy counts, upon which there was abundant evidence of guilt. Thus, although the evidence was admitted over specific objection and, under other circumstances we might be hard pressed to say that it was disregarded by the trial judge, *Fletcher v. State*, (1976) 264 Ind. 132, 134, 340 N.E.2d 771, 773; *Johnson v. State*, (1978) 177 Ind.App. 501, 505, 380 N.E.2d 566, 569, it is clear that Defendant was not harmed by the evidence complained of. We cannot assume that such evidence was disregarded as to the possession count, to which it would have been relevant but considered as to the conspiracy counts, as to which it had no relevance.

Mingled in his argument upon this issue is an assignment that the court erred in denying him a hearing upon an in-trial motion to suppress the aforementioned evidence, which motion sought to litigate the truthfulness of facts alleged in the affidavit upon which the search warrant had been issued. In view of our determination that Defendant was not harmed by the evidence, we do not address this question.

■ (4) Defendant's final claim under this issue is that testimony by his co-conspirator, Timothy Shelby, relating a tele-

phone conversation with Defendant during which the two arranged the first sale, was improperly admitted in violation of the *corpus delicti* rule. The evidence adduced concerning this conversation was to the effect that Defendant agreed to sell Shelby an amount of cocaine which he would then resell to the State's confidential informant, Paul Barros. Although Defendant expressed reservations about Shelby reselling the cocaine, he did not object and in fact stated that the cocaine was of high quality and that Shelby's friend would be satisfied.

The time frame established by the pleadings does not limit the State to the presentation of evidence of events that occurred within that period. *Gadacz v. State*, (1981) Ind., 426 N.E.2d 376, 378. "Testimony of events, although they occurred outside the time frame fixed for the alleged conspiracy may, nevertheless tend to prove a fact in issue having probative value outweighing any prejudicial impact. This is particularly so where circumstances and statements are substantially contemporaneous with the crime charged." *Id.* The telephone conversation between Defendant and Shelby occurred within a week of the date alleged in Count I, July 16, 1981. Moreover, it was for the specific purpose of arranging the sale of the cocaine. Clearly this conversation was part of the res gestae of the offense of Conspiracy to Deliver, and there was no error in its admission.

### ISSUE III

Defendant's claim of insufficient evidence is predicated upon his claim that the exhibits and testimony discussed above were improperly admitted into evidence. Those issues having been determined contrary to his position, this assignment of error fails. The evidence was sufficient.

### ISSUE IV

█ Under his final assignments of error Defendant claims that he was denied a fair trial and sentencing hearing before an impartial trier of fact. More specifically he argues two distinct actions by the trial court which he claims show prejudice on

the part of the trial judge warranting reversal, or at least reduction of his sentence. First, Defendant argues the impropriety of the judge's interrogation of State's witness Barbara Gilberti. Under Issue II(1), we determined that hearsay information elicited from that interrogation was harmless. Although a judge may not assume an adversarial role in the proceedings, we are aware of no rule that precludes him from asking questions that are designed to clarify evidence previously introduced, and we see no impropriety in the interrogation of which the Defendant here complains.

█ Defendant finally argues that the sentence imposed by the trial judge is manifestly unreasonable in view of the nature of the offense and his character. At the sentencing hearing Defendant argued that the court had discretion to suspend all or part of the sentence. The court refused to rule upon the issue and imposed the minimum possible sentence, twenty (20) years. A trial court has wide discretion in sentencing, *see Gaunt v. State*, (1983) Ind., 457 N.E.2d 211, 216, and we will not disturb a sentence authorized by statute unless "no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed." Ind.R.App.Rev.Sen. 2(2). The trial court properly considered the evidence in mitigation that was presented at sentencing and imposed the minimum statutory penalty, two concurrent twenty (20) year terms. The court, however, also recognized the serious social harm involved in the offense of dealing in cocaine. The court's statements disclose that, regardless of whether the sentences were subject to being suspended, he would not suspend any part of them. Therefore, the issue of suspendibility is moot. Under the circumstances of this case, we cannot say that the sentences imposed were manifestly unreasonable.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.