Leon LASLEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 22S00–8602–CR–190.

Supreme Court of Indiana.

July 24, 1987.

S. Frank Mattox, New Albany, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant on eleven counts of Child Molesting. The trial judge sentenced appellant on each of the eleven counts, all sentences to run consecutively, totalling one hundred twenty-four (124) years.

In 1984, appellant had been convicted in a jury trial in the Floyd Superior Court of child molesting. Judge Striegel, the same judge who presided over the instant case, also presided in the prior trial. During the prior trial, the State called thirteen children to testify against appellant under the depraved sexual instinct rule. Essentially the same children testified against appellant in the instant case, including the victim in the prior conviction.

Appellant claims the trial court erred in denying his motion for change of judge for cause, based upon the fact that the judge had presided over the previous trial and had sentenced appellant to the maximum term under that conviction of eight (8) years.

He further claims that the judge also demonstrated prejudice in that he had ruled against appellant on several motions made by counsel prior to trial. Although the motion for change of judge was filed after the ten (10) day period prescribed in Ind.R. Cr.P. 12, the trial judge conducted a hearing on the motion for change of judge. Following the hearing, the motion was denied.

The law presumes that a judge is unbiased and unprejudiced. In order to overcome this presumption, the moving party must establish that the trial judge has a personal prejudice for or against a party. *Wallace v. State* (1985), Ind., 486 N.E.2d 445. The fact that a defendant has appeared before a certain judge in prior actions does not establish the existence of bias or prejudice. *Brim v. State* (1984), Ind., 471 N.E.2d 672; *Clemons v. State* (1981), Ind., 424 N.E.2d 113.

Appellant claims prejudice because, during the first trial, the judge heard all of the evidence and the witnesses that were presented in the second trial. We fail to

see how this establishes prejudice. If the trial judge had heard evidence during the first trial which was inadmissible in the second trial, possible prejudice might have resulted. However, by appellant's own statements, the second trial was virtually a replay of the first trial. Had a different judge been trying the case, he would have had no less knowledge concerning the activities of appellant than did Judge Striegel at the time he sentenced appellant in the case at bar.

There is not showing in this record that Judge Striegel's presiding over the first trial resulted in the gaining of any knowledge which would have prejudiced him against appellant. Without such a showing, the trial court did not err in denying the motion for change of judge. *White v. State* (1982), Ind., 431 N.E.2d 488.

The fact that the trial judge had ruled against appellant on several motions and had sentenced him to the maximum sentence at his previous trial does not constitute prejudice per se. *Thomas v. State* (1985), Ind., 486 N.E.2d 531; *Gary v. State* (1984), Ind., 471 N.E.2d 695.

We hold there is no showing of abuse of discretion in denying the motion for change of judge.

Appellant claims the trial court erred in sentencing him to a total of one hundred twenty-four (124) years incarceration. He claims the sentence is manifestly unreasonable in light of his age, mental condition, family background, lack of substantial criminal record and the absence of force or violence toward the victims.

At the time of sentencing, appellant was forty-three years old. According to the presentence investigation report, appellant had three back operations for a pinched nerve and is considered to be one hundred percent disabled. He was married and had children, both natural and by adoption. Although appellant raises the question concerning his mental condition, he does not discuss the subject further. However, an examination of the record discloses that a competency hearing was held July 3, 1985.

At that hearing, Dr. Joseph B. Brill testified that appellant was competent to understand the charges against him and to properly assist his attorney in his defense. He stated that he found no significant mental illness, but that appellant did have "a feeling of conspiracy against him which sometimes can represent mental illness." Dr. Robert Greenberg testified that he found no evidence of any mental illness. He said appellant was anxious and depressed but there was "no thought disorder signs or any signs of serious psychopatholoy that I could detect."

Appellant's prior criminal record consisted of a plea agreement entered in Washington County in 1983, under which he entered a plea of guilty to battery. The trial judge found that this conviction "arose out of a child molesting type setting and for which he has violated the terms of probation." Appellant claims this information is hearsay and although contained in the presentence report should not have been considered by the trial judge. Strict rules of evidence do not apply in sentencing hearings, and hearsay evidence including evidence of prior crimes is admissible. *Dillon v. State* (1986), Ind., 492 N.E.2d 661.

As above stated, appellant also had the prior conviction in the Floyd Superior Court in 1984. As to the absence of force or violence toward the victims, the trial judge observed at the sentencing hearing, that "[n]o one was shot, wounded, beaten or anything like that[,] yet the psychological harm can be very devastating...." Often the permanent results of psychological damage to a victim of crime can be more devastating than physical injury. This is especially true of children of tender years when they are victimized in the manner described in this case. Appellant repeatedly and skillfully took advantage of the children and introduced them to homosexual activity. The trial judge did not abuse his authority in finding that the injury to the children was sufficient to justify the sentences imposed.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.