Steven RIED, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 10S04–9306–CR–670.

Supreme Court of Indiana.

June 18, 1993.

Vicki L. Carmichael, Chief Public Defender, Jeffersonville, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

During appellant Steven Ried's trial, the court admitted evidence which might now be excluded under *Lannan v. State* (1992), Ind., 600 N.E.2d 1334. A divided Court of Appeals held on appeal that such evidence does not constitute fundamental error such that the issue may be argued on appeal without an objection at trial. This is correct.

After an initial mistrial, Ried was convicted of two counts of child molesting, a class C felony, Ind.Code § 35–42–4–3(b) (West 1986), and found to be an habitual offender. He presented two issues on appeal. First, Ried contended that his retrial violated the prohibition against double jeopardy. Second, he contended that the trial court erred in admitting testimony by T.H. that Ried molested her at some point in the past. The Court of Appeals rejected the first of these claims on the merits. It held that the second claim had not been preserved for appellate review because Ried had not objected at trial. The judgment of the trial court was thus affirmed. *Ried v. State* (1993), Ind.App., 610 N.E.2d 275.

Judge Barteau dissented, saying that admission of T.H.'s testimony should be tested against the *Lannan* standard. She believed that the admissibility of evidence under the depraved sexual instinct rule should be reviewed under the doctrine of fundamental error. *Id.*, 610 N.E.2d at 281 (Barteau, J., dissenting). Ried's petition to transfer to this Court makes the same claim.

This debate is resolved by *Pirnat v. State* (1993), Ind., 607 N.E.2d 973. In considering the State's petition for rehearing in *Pirnat*, we declared that *Lannan* would apply to "Pirnat and others whose cases properly preserved the issue and whose cases were pending on direct appeal at the time *Lannan* was decided." *Id.* at 974.

Ried's case was pending on direct appeal when *Lannan* was decided, but Ried did not present the issue by objection at trial to the testimony by T.H. The issue is thus not preserved for appellate review. *Johnson v. State* (1985), Ind., 472 N.E.2d 892. *Lannan* does not qualify for fundamental error. We grant Ried's petition to transfer and summarily affirm the opinion of the Court of Appeals. Ind.App.Rule 11(B)(3). The judgment of the trial court is affirmed.

DeBRULER, GIVAN, DICKSON, and KRAHULIK, JJ., concur.