Bill MARTIN, Appellant,

v.

STATE of Indiana, Appellee.

No. 32S04–9310–CR–1192.

Supreme Court of Indiana.

Oct. 29, 1993.

Daniel F. Zielinski, Deckard O'Brien, Danville, for appellant.

Pamela Carter, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

Bill Martin was found guilty by jury on one count of criminal deviate conduct,[1] a class B felony, one count of attempted child molesting,[2] a class C felony, and two counts of child molesting,[3] class D felonies. He received a sentence of fifteen years on the criminal deviate conduct conviction, six years on the attempted child molesting conviction, and two years on each of the child molesting convictions. Each sentence was to be served consecutively for an executed sentence of twenty-five years. The Court of Appeals affirmed the convictions. *Martin v. State* (1993), 615 N.E.2d 919.

In his petition to transfer, Martin asserts that the trial court committed reversible error when it admitted evidence of prior sexual misconduct.

The facts relevant to this appeal follow. Martin befriended G.B., a nineteen-year-old male, and D.B., a thirteen-year-old female, who were children of a neighbor. While D.B. and G.B. were visiting at Martin's home, Martin performed fellatio on G.B. while D.B. watched. Martin also ordered D.B. to pull down her pants and lean over the bed, then Martin placed his penis on her buttocks. Then, one of Martin's daughters returned home. As D.B. ran from the bedroom to the bathroom, Martin's daughter observed that D.B.'s pants were pulled down to her knees.

Before trial, Martin filed a motion in limine to exclude testimony regarding past acts of sexual misconduct. The trial court denied the motion. At trial, both G.B. and D.B. testified in detail to the events which occurred in the house. D.B. also testified that on prior occasions, Martin had fondled her breasts. In addition, G.B. testified that on another occasion Martin had performed fellatio on him. The trial court also admitted testimony from Martin's daughter that approximately twenty years earlier Martin had forced her to perform and to submit to oral sex and fondlings.

On two separate occasions at trial, Martin brought the issue of the daughter's testifying to prior bad acts to the trial court's attention. The first occasion was the afternoon that the daughter testified when, outside the presence of the jury, the following exchange took place:

[COUNSEL]: Just for record purposes, you know, the other thing Judge and again to do it away from the jury, [the daughter] will be testifying this after-

---

1. *Ind.Code Ann.* § 35–42–4–2 (West 1986).

2. *Ind.Code Ann.* 34–41–5–1 (West 1986) (attempt), *Ind.Code Ann.* § 35–42–4–3 (West 1986) (child molesting).

3. *Ind.Code Ann.* § 35–42–4–3 (West 1986).

noon, that's [Martin's] 29 year old daughter who was allegedly molested in Missouri, and my objection to her testifying for the reasons I stated in my motion for limine, I want to do it that way instead of jumping up every two seconds when she's testifying.

THE COURT: We will consider the record preserved, all the arguments you made in your motion in limine when we held it last week, we will preserve for the record in this case.

The second occasion occurred immediately before the daughter's testimony at a hearing outside the presence of the jury. After the trial court determined that prior acts similar to the case at hand would be admissible, the following exchange took place.

[COUNSEL]: In my motion in limine that the objection that I made outside the jury still preserves the record for that?

THE COURT: Yes.

The Court of Appeals determined that Martin waived the claimed error of improperly-admitted evidence because he failed to object to the admission of the daughter's testimony at the time it was introduced at trial.

■ In his petition to transfer, Martin asserts that the trial court erred by admitting evidence of depraved sexual instinct. He argues that the issue of admissibility of the evidence was preserved on appeal because on two separate occasions during the trial, before the evidence was admitted, he brought the issue to the trial court's attention and the trial court informed him that the error was preserved. We agree with Martin that the error was preserved for purposes of review.

■ In order to preserve error in the overruling of a pre-trial motion in limine, the appealing party also must object to the admission of the evidence at the time it is offered. *Conner v. State* (1991), Ind., 580 N.E.2d 214, 220, *cert. denied* — U.S. —, 112 S.Ct. 1501, 117 L.Ed.2d 640 (1992); *Emerson v. State* (1988), Ind., 524 N.E.2d 314, 315; *Waters v. State* (1981), 275 Ind. 182, 415 N.E.2d 711, 713. Failure to object

at trial to the admission of the evidence results in waiver of the error.

On two separate occasions prior to the testimony of Martin's daughter, Martin, out of the presence of the jury, inquired about the preservation of the record regarding his motion in limine and the daughter's testimony. In fact, during the first exchange with the trial court, Martin specifically stated that his objection to her testimony was for the same reasons stated in his motion in limine. The trial court responded by stating that the record was preserved. The effect of this ruling was to overrule Martin's objection and to allow the daughter to testify. Similarly, during the second exchange following the trial court's explanation of what the daughter could testify to, Martin brought his motion in limine to the trial court's attention and asked if the record was preserved. The trial court again responded that the record was preserved. In essence, the trial court again overruled Martin's objection.

During each exchange, Martin brought the objection and the motion in limine to the trial court's attention. The trial court was informed as to the content of the proposed testimony and was given the opportunity to consider the context in which the evidence was to be presented. By making the objection outside the presence of the jury, Martin attempted to prevent the State from making statements or asking questions regarding Martin's prior sexual misconduct so as to avoid any effect the questions and statements may have had on the jury. Additionally, by making the objection outside the presence of the jury, Martin avoided making repeated objections during the daughter's testimony. We hold that Martin preserved the issue of the admissibility of the evidence because his objections were timely and proper.

■ Martin also asserts that reversible error occurred because the daughter's testimony was inadmissible under *Lannan v. State* (1992), Ind., 600 N.E.2d 1334, 1339. In *Lannan,* this Court abandoned the depraved sexual instinct exception and adopted Federal Rule of Evidence 404(b) which states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown of the general nature of any such evidence it intends to introduce at trial.[4]

Thus, although evidence of prior sexual misconduct may not be admitted to show Martin acted in conformity with that particular trait, such evidence is admissible to establish proof of motive, intent, preparation, plan, knowledge, identity or absence of mistake. *Lannan*, 600 N.E.2d at 1339.

Martin's daughter testified that the acts of sexual misconduct occurred when she was between the ages of eight and twelve. She testified that Martin fondled her and forced her to perform and to submit to oral sex. This testimony does not fall within one of the exceptions given in Federal Rule 404(b) and, thus, it was error to admit the testimony.

■ Because this inadmissible evidence was presented to the jury, we must consider whether reversal is required. The erroneous admission of evidence will result in reversal only if there was prejudice to defendant's substantial legal rights. *Bustamante v. State* (1990), Ind., 557 N.E.2d 1313, 1317. In determining whether a reversal is appropriate due to erroneously-admitted evidence, this Court has the duty to assess the probable impact of the evidence on the jury. *Short v. State* (1982),

Ind., 443 N.E.2d 298, 308. Reversal is compelled where the record as a whole discloses that the erroneously-admitted evidence "was likely to have a prejudicial impact upon the mind of the average juror, thereby contributing to the verdict." *Mitchell v. State* (1972), 259 Ind. 418, 424, 287 N.E.2d 860, 863.

We conclude after reviewing the entire record that the erroneous admission of evidence does not constitute reversible error because there was no substantial likelihood that the questioned evidence contributed to the conviction. At trial, D.B. and G.B. testified that on the Saturday in question Martin called and asked them to come over to his house. Both testified that after they arrived, Martin unzipped G.B.'s pants, performed oral sex on G.B. while D.B. watched, directed D.B. and G.B. to walk back to his bedroom, told D.B. to pull down her pants, and placed his penis on her buttocks. D.B. testified that, after hearing someone return home, she ran to the bathroom and pulled her pants up. One of Martin's daughters then testified that she saw D.B. run from the bedroom to the bathroom with her pants pulled down to her knees. The erroneous admission of the daughter's testimony was harmless when viewed in context with the totality of the evidence.

### Conclusion

Accordingly, we grant transfer, vacate the opinion of the Court of Appeals, and affirm the convictions.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.

---

4. Subsequent to our decision in *Lannan*, this Court adopted the Indiana Rules of Evidence which become effective January 1, 1994. Indiana Rule of Evidence 404(b) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity,

or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial. Our decision today is not effected by the passage of Indiana Rule 404(b), but in fact would remain the same.