John Joseph **SCHAEFER,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A05–0007–CR–293.

Court of Appeals of Indiana.

May 23, 2001.

Benjamen W. Murphy, Walter J. Alvarez, Crown Point, IN, Attorneys for Appellant.

Stephen R. Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant John Joseph Schaefer ("Defendant") appeals his convictions after a trial by jury of child molesting, a Class B felony, Ind.Code § 35–42–4–3; and incest, a Class B felony, Ind.Code § 35–46–1–3.

We reverse and remand for a new trial.

### ISSUES

Defendant raises three issues for our review. However, the following restated issue is dispositive:

I. Whether Defendant's trial counsel was ineffective by failing to object to the admission of medical records, containing expert opinion evidence, via affidavit from the keeper of those records.

Because this issue could recur on retrial, we also address the following issue:

II. Whether Defendant's convictions and sentences for child molesting and incest violate the state constitutional prohibition against double jeopardy.

*FACTS AND PROCEDURAL HISTORY*

Defendant is the biological father of the victim, A.G., who was almost nine years old at the time of the charged molestation and incest. A.G. lived with Defendant from February 1, 1996 to May 27, 1996, during which time the molestation occurred. When A.G. returned to her mother's custody in Alabama, A.G. informed her mother about the alleged incidents. A.G.'s mother took A.G. to a hospital to be examined, and advised the doctors there that A.G. had been molested while living in Indiana.

The State charged Defendant with child molesting and incest. The trial court denied Defendant's motion in limine to exclude from evidence A.G.'s medical records. At trial, A.G. testified that Defendant molested her on many occasions. In addition, the State moved to admit A.G.'s medical records, State's Exhibits 1 and 2, via affidavits. Defendant objected to the admission of these exhibits and made the same argument presented in his motion in limine. The trial court admitted the exhibits over objection.

Defendant testified and denied ever touching A.G. in an inappropriate or sexual manner as she alleged.

Defendant was found guilty of child molesting and incest. Defendant moved to have one of his convictions vacated because of a violation of the constitutional prohibition against double jeopardy. The trial court denied Defendant's motion and sentenced Defendant to ten years on each count, to be served concurrently, with six years executed and four years suspended.

*DISCUSSION AND DECISION*

## I. ADMISSION OF MEDICAL RECORDS

A.G. testified at trial that Defendant molested her while she lived in his home during the period of February 1, 1996, to May 27, 1996. In addition to her testimony, the State moved to admit State's Exhibits 1 and 2, which are medical records, via affidavits. No live testimony was presented regarding the records.

Prior to trial, Defendant made two motions in limine seeking to exclude medical record evidence. The first motion in limine was based upon Indiana Evidence Rule 803(4). The gist of the argument Defendant's trial counsel made here is that the statements A.G. made to the nurses and doctors in Alabama did not fall within the exception to the hearsay rule. The second motion in limine was based upon Indiana Evidence Rules 401, 402, 403, 704(b) and 702. Defendant's argument in this motion was that the nurses and doctors in Alabama who spoke with A.G. might be called to testify as expert witnesses, and that their testimony and opinions would be inadmissible as such absent the proper evidentiary foundation. At the hearing on the motions, however, Defendant argued that he was prejudiced by receiving the affidavits of the record keepers attached to the medical records on the first day of trial. Defendant also made his Evid. R. 803(4) argument. The trial court denied the motions.

The State moved to admit the exhibits based upon Ind. Trial Rule 44 and Ind. Evidence Rule 803(4). Defendant objected to the admission of these exhibits based upon the arguments made during the hearing on the motions in limine: prejudice due to surprise, and that the statements made to the doctors and nurses in Alabama did not fall within the exception to the hearsay rule. The trial court allowed the exhibits into evidence.

On appeal, Defendant claims that he received ineffective assistance of trial counsel. More specifically, Defendant claims that his counsel was ineffective because he

failed to properly object to the medical records evidence.

█ In order to establish a violation of the Sixth Amendment right to effective assistance of counsel, the defendant must show that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms, and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Atchley v. State,* 730 N.E.2d 758, 763 (Ind. Ct.App.2000). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* Prejudice resulting from ineffective assistance is not established unless the error rendered the result of the proceeding fundamentally unfair or unreliable. *Id.*

█ In order to establish that counsel was ineffective for failing to object to evidence, Defendant must show that if such objection had been made, the court would have had no choice but to sustain it. *See Sanchez v. State,* 675 N.E.2d 306, 310 (Ind. 1996). In order to show prejudice, Defendant must show that as a result of counsel's performance the trial itself was unfair and the resulting conviction is unreliable. *See Bowen v. State,* 680 N.E.2d 536, 538 (Ind.1997).

█ In order to preserve error in the overruling of a pre-trial motion in limine, the appealing party also must object to the admission of the evidence at the time it is offered. *See Martin v. State,* 622 N.E.2d 185, 187 (Ind.1993). Failure to object at trial to the admission of the evidence results in waiver of the error. *Id.* It is not the purpose of a motion in limine to obtain a final ruling on the admissibility of evidence. *Johnson v. State,* 472 N.E.2d 892, 908 (Ind.1985).

The objections we have before us are the objections Defendant's trial counsel made at the time the State moved to admit the medical records into evidence.[1] Those objections were that the Defendant was prejudiced by receiving the affidavits from the record keepers on the morning of the trial, and that the statements made to the nurses and doctors in Alabama did not fall within the Evid. R. 803(4) exception to the hearsay rule.

█ Evid. R. 803(4) provides as follows:

Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

An objection based upon this evidentiary rule would have brought into question the admissibility of testimony or statements contained in the records by the nurses and doctors in Alabama who examined A.G. concerning what A.G. told them about her physical condition and its cause. However, at the time these records were introduced, A.G. had already testified about Defendant having inappropriate sexual contact with her. If the nurses and doctors had testified at trial about A.G.'s statements to them, that testimony would have been cumulative of A.G.'s testimony. To the extent that their notes reflect what A.G. told them, the statements contained in the medical records are cumulative evidence of what A.G. testified happened to

---

1. At trial, Defendant's trial counsel objected to admission of the medical records by stating that he "would reiterate the two objections that I had prior to trial as to these exhibits and I renew those objections at this time." (R. 231).

her and what she told the nurses and doctors. Cumulative evidence is that which goes to prove what has already been established by other evidence. *Davis v. State,* 456 N.E.2d 405, 409 (Ind.1983). The admission of cumulative evidence is within the discretion of the trial court. *Id.*

More troubling, however, is that those medical records also contain opinions, in particular the opinion of Dr. Crayton A. Fargason, Jr., M.D., regarding the nature of A.G.'s physical condition and the likely cause of that condition. In a letter signed by Dr. Fargason, which was part of State's Exhibit 2, the following statement was included:

> IMPRESSION: *Class 3–Suspicious for Sexual Abuse* The minimal hymenal tissue, adjacent at 6 o'clock, the probable scar tissue, and the enlarged hymenal opening are consistent with blunt force penetrating trauma.

(R. 253). Dr. Fargason did not testify at Defendant's trial.

■ In *Schloot v. Guinevere Real Estate Corp.,* 697 N.E.2d 1273 (Ind.Ct.App. 1998), a panel of this court addressed the issue of the admissibility of medical records under Evid. R. 803(6). Evid. R. 803(6) provides as follows:

> Records of regularly conducted business activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony or affidavit of the custodian or other qualified witness, unless the source of information or method or circumstances of preparation indicate a lack of trustwor-

thiness. The term "business" as used in this Rule includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

These records are not excluded by the hearsay rule. *Schloot,* 697 N.E.2d at 1277. However, the records must also be otherwise admissible. *Id.* As a panel of this court said in *Schloot,* "hospital records may not be excluded as hearsay simply because they include opinions or diagnoses. But, and it is a substantial but, for medical opinions and diagnoses to be admitted into evidence, they must meet the requirements for expert opinions set forth in Evid. R. 702." 697 N.E.2d at 1277.

> Evid. R. 702 requires as follows:
>
> (a) If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill experience, training, or education, may testify thereto in the form of an opinion or otherwise.
>
> (b) Expert scientific testimony is admissible only if the court is satisfied that the scientific principles upon which the expert testimony rests are reliable.

■ Two requirements must be met for a witness to be qualified as an expert. *Turner v. State,* 720 N.E.2d 440, 444 (Ind. Ct.App.1999). First, the subject matter must be distinctly related to some scientific field, business, or profession beyond the knowledge of the average person. *Id.* Second, the witness must have sufficient skill, knowledge, or experience in that area so that the opinion will aid the trier of fact. *Id.*

■■ Once the foundational requirements have been satisfied and the opinion elicited, the expert witness is subject to the hallmark of our adversarial system—

cross-examination. *Noblesville Casting Div. of TRW v. Prince,* 438 N.E.2d 722, 729 (Ind.1982). The strengths and weaknesses of the expert's opinion may be questioned against the facts, its conclusiveness or lack thereof may be explored, and any lack of certitude may be fully revealed to the finder of fact. *Id.* The finder of fact is entitled to weigh and determine the credibility to be accorded the expert's opinion based on the evidence presented, including the extent of the witness's experience and expertise, the reliability of the analytical methods employed, and the degree of certitude with which the opinion is cast. *Id.*

■■■ In the present case, no such foundation was laid for the expert opinion evidence contained in the medical records. There is no evidence concerning Dr. Fargason's specialty, how many years he has practiced medicine, any evidence of his credentials, or how many victims of sexual abuse he has examined.

Furthermore, expressions of opinion within medical or hospital records historically have not been admissible under the business records exception because their accuracy cannot be evaluated without the safeguard of cross-examination of the person offering the opinion. *Schloot,* 697 N.E.2d at 1277. Defendant did not have the opportunity to cross-examine Dr. Fargason.

This was a case where A.G. testified that inappropriate sexual contact with her father, Defendant, occurred, and Defendant's vehement denials that such conduct occurred. Admission of the medical records in the condition in which they were introduced transformed a criminal trial where guilt or innocence turned on whose story the jury believed, into one where the scales were unfairly weighted against Defendant. The result of the proceeding, therefore, was rendered fundamentally unfair.

Therefore, based upon the discussion above, we conclude that had Defendant's trial counsel properly objected to the medical records when the State sought to introduce them, the trial court would have had no choice but to sustain the proper objection. Defendant has established that he received ineffective assistance of trial counsel due to trial counsel's failure to properly object to the admissibility of the medical records.

## II. DOUBLE JEOPARDY

Defendant claims that his convictions for child molesting and incest violate the state constitutional prohibition against double jeopardy. *See* Ind. Const. art. I, § 14. The State seems to concede this point in its brief.

In *Richardson v. State,* 717 N.E.2d 32, 49 (Ind.1999), our supreme court held that two or more offenses are the "same offense" in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Both of these considerations, the statutory elements test and the actual evidence test, are components of the double jeopardy "same offense" analysis under the Indiana Constitution. *See id.* at 49–50.

■■■ Our supreme court has stated that the objective of the statutory elements test is to determine whether the essential elements of separate statutory crimes charged could be established hypothetically. *Id.* at 50. This review considers the essential statutory elements to determine the identity of the offense charged, but does not evaluate the manner or means by which the offenses are alleged

to have been committed, unless the manner or means comprise an essential element. *Id.* Once the essential elements of each charged offense have been identified, the reviewing court must determine whether the elements of one of the challenged offenses could, hypothetically, be established by evidence that does not also establish the essential elements of the other charged offense. *Id.*

■■■■ In the present case, Defendant was charged with child molesting and incest, both Class B felonies. The child molesting statute, Ind.Code § 35–42–4–3, provides as follows:

(a) A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony ...

The incest statute, Ind.Code § 35–46–1–3, provides as follows:

(a) A person eighteen (18) years of age or older who engages in sexual intercourse or deviate sexual conduct with another person, when the person knows that the other person is related to the person biologically as a parent, child, grandparent, grandchild, sibling, aunt, uncle, niece, or nephew, commits incest, a Class C felony. However, the offense is a Class B felony if the other person is less than sixteen (16) years of age.

Each offense must contain at least one element that is separate and distinct from the other offense so that the same evidence is not necessary to convict for both offenses. *Id.* at 52. Application of the statutory elements test to the facts of the present case leads us to the conclusion that the elements of one of the challenged offenses could, hypothetically, be established by evidence that does not also establish the essential elements of the other charged offense. Sexual intercourse could be the basis for one offense, while deviate

sexual conduct could be the basis for the other offense. Further, incest involves a biological relationship which child molesting does not.

■■■■ However, our analysis does not end here. Even if the first consideration, the statutory elements test, does not disclose a double jeopardy violation, the actual evidence test may. *Id.* at 53. Under this inquiry, the actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts. *Id.* To show that two challenged offenses constitute the "same offense" in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense. *Id.*

■■■■ Applying the actual evidence test to the facts in the present case, we conclude that the state constitutional prohibition against double jeopardy would be violated if convictions and sentences were entered for both offenses based upon the actual evidence adduced at trial. In the present case, both charges against Defendant alleged that he did perform or submitted to sexual intercourse or deviate sexual conduct with A.G. between February 1, 1996 and May 27, 1996. Based upon the evidence presented by Defendant, it is extremely likely that the jury used the evidentiary facts to establish the essential elements of both child molesting and incest.

■■■■ When two convictions are found to contravene double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. *See id.* at

54. If it will not, one of the convictions must be vacated. *Id.* Such would be the case upon retrial.

### CONCLUSION

Defendant received ineffective assistance of trial counsel. Counsel's proper objection to admission of medical records by affidavit without the proper foundation for expert testimony would have been sustained if made. Further, Defendant could not be sentenced for both incest and child molesting as charged without violating the state's constitutional prohibition against double jeopardy.

Reversed and remanded for new trial.

MATTINGLY–MAY and KIRSCH, JJ., concur.