## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 26 2020, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Crown Point, Indiana

ATTORNEY FOR APPELLEE

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Francisco Antonio Perez, *Appellant-Defendant,* | May 26, 2020 |
| v. | Court of Appeals Case No. 19A-CR-2785 |
| | Appeal from the Lake Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Salvador Vasquez, Judge |
| | Trial Court Cause No. 45G01-1804-F5-30 |

**Pyle, Judge.**

# Statement of the Case

Francisco Perez ("Perez") appeals the three-year sentence imposed after he pled guilty to Level 5 felony sexual misconduct with a minor.[1]  Perez argues that his sentence is inappropriate in light of the nature of his offense and his character.  Concluding that his sentence is not inappropriate, we affirm Perez's sentence.

We affirm.

# Issue

Whether Perez's sentence is inappropriate.

# Facts

In February 2018, fifteen-year-old M.P., the victim, was babysitting at her aunt's house.[2]  Twenty-eight-year-old Perez, who was M.P.'s aunt's boyfriend, entered the home.  Perez sat next to M.P. on the couch and told her to roll a marijuana cigarette, which she did.  M.P.'s aunt later returned home with a friend, and M.P. smoked marijuana with Perez and the other adults.  M.P.'s aunt then left to take her friend home.

---

[1] IND. CODE § 35-42-4-9.

[2] We take our facts from the Stipulated Factual Basis that was attached to the guilty plea filed with the trial court.

[4] After M.P.'s aunt left, M.P. went to bed. Perez joined her and began to caress her breast over her clothes and attempted to kiss her while saying that "he was going to show her how much her uncle like[d] her." (App. Vol. 2 at 47). Perez then put his hand into M.P.'s pants. M.P. screamed, and Perez stopped touching her. M.P. then called her boyfriend and her aunt. When M.P.'s aunt returned, Perez admitted to touching M.P. and stated that he had done so as "pay-back[.]" (App. Vol. 2 at 47).

[5] In April 2018, Perez was charged with Level 5 felony sexual misconduct with a minor. The State filed an amended charging information in November 2018, adding a count of Level 3 felony rape. In July 2019, the State and Perez reached an agreement that Perez would plead guilty to the sexual misconduct with a minor charge in exchange for the State dismissing the rape charge. The parties also agreed to argue the sentence length at the sentencing hearing.

[6] In October 2019, the trial court held a sentencing hearing. M.P.'s aunt and M.P.'s mother testified at the hearing. Perez also made a statement. Additionally, M.P. and M.P.'s mother submitted victim impact statements. In her victim impact statement, M.P. explained that due to Perez's actions, she felt "violated, manipulated, embarrassed, [and] sad." (Sentencing Tr. 19). M.P.'s mother's statement detailed the negative effects Perez's crime had had on M.P. and her family. Specifically, M.P.'s mother explained that the "emotional turmoil is beyond description." (Sentencing Tr. 19).

[7] When sentencing Perez, the trial court found both mitigating and aggravating factors. In mitigation, the trial court acknowledged Perez's guilty plea but found that it was not entitled to much weight because "the more significant rape [charge]" had been dismissed by the State. (Sentencing Tr. 44). In aggravation, the trial court identified Perez's: (1) criminal history, which includes convictions in Illinois for felony burglary, felony aggravated unlawful use of a weapon, misdemeanor trespass, and two episodes of misdemeanor possession of cannabis; (2) failure to appreciate the leniency of probation from other criminal courts; (3) manipulative and predatory character; and (4) violation of a position of trust. The trial court then sentenced Perez to an advisory sentence of three (3) years in the Department of Correction. Perez now appeals.

## Decision

[8] Perez's sole argument is that his advisory three-year sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225

(Ind. 2008). "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*. Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224.

[9] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the General Assembly has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Here, Perez pled guilty to Level 5 felony sexual misconduct with a minor. The sentencing range for a Level 5 felony is "for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." I.C. § 35-50-2-6(b). The trial court sentenced Perez to three years, which is the advisory sentence.

[10] An appellate court is "unlikely to consider an advisory sentence inappropriate." *Shelby v. State*, 986 N.E.2d 345, 371 (Ind. Ct. App. 2013), *trans. denied*. "[A] defendant bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence." *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied*. On appeal, Perez has not met the particularly heavy burden he faces.

[11] Regarding the nature of the offense, Perez, who was twenty-eight-years-old at the time, encouraged fifteen-year-old M.P. to roll a marijuana cigarette and

smoke it. After M.P. returned to bed, Perez joined her and began to touch her breast over her clothes. He then attempted to kiss her and put his hand into M.P.'s pants. Perez's offense had a devastating effect on M.P., who, according to her own statement and the testimony of her mother, suffers from his actions in a variety of ways. *See Lasley v. State*, 510 N.E.2d 1340, 1342 (Ind. 1987) (sexual victimization of children often leaves permanent psychological damage that is more devastating than physical injuries).

[12] Turning to Perez's character, he emphasizes that he is a "hard-working man who supports his family[.]" (Perez's Br. 6). As the trial court noted, however, Perez does have a criminal history. Here, Perez's prior convictions for felony burglary, felony aggravated unlawful use of a weapon, misdemeanor trespass, and two episodes of misdemeanor possession of cannabis, reflect poorly on his character. *See Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (any criminal history reflects poorly on a person's character). Furthermore, Perez has been afforded leniency of probation by the judicial system many times in the past. However, he has shown an inability or unwillingness to conform his behavior to the rule of law.

[13] Accordingly, Perez has not persuaded us that the nature of the offense and his character make his sentence inappropriate. Therefore, we affirm the sentence imposed by the trial court.

[14] Affirmed.

Baker, J., and Bradford, C.J., concur.